privativo de la deuda cuyo cobro es objeto de la acción, y sí tan solo concretarlo, como ordenó se concretara, a cualquier título, derecho o interés indeterminado que tenga la demandada, Antonia Alonso, en los mismos.''

POR CUANTO, atendidas las conclusiones a que hemos llegado y la sentencia dictada en el caso Núm. 7910, *María Figueroa Vda. de Fernández et al., demandantes apelados,* v. *Antonia Alonso, et al.,* resuelto en el día de hoy (ante, pág. 500) la cuestión planteada en el referido señalamiento resulta académica.

POR TANTO, se desestima la apelación interpuesta contra las dos órdenes que dictó la Corte de Distrito de Arecibo en 12 y 26 de agosto de 1938.

El Juez Asociado Sr. De Jesús no intervino.

Núms. 8257, 8258, 8259, 8260, 8261 y 8262.—PUEBLO, apldo. *v.* MUÑOZ, aplte.— Junio 4, 1940.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Visto el caso de epígrafe con la sola asistencia del fiscal, examinados el alegato del apelante así como la denuncia, la sentencia y el escrito de apelación que constituyen el legajo de la sentencia, no apareciendo motivos suficientes para una revocación de la sentencia que dictó la Corte de Distrito de Ponce en 18 de marzo de 1940, por la presente se confirma la misma.

El Juez Presidente Sr. Del Toro no intervino.

Núm. 8191.—PUEBLO, apldo. *v.* PUMAREJO, aplte.— Junio 14, 1940.

(Por la Corte, a propuesta del Juez Presidente Sr. Del Toro.)

POR CUANTO, el fiscal de la Corte de Distrito de Bayamón formuló acusación contra Luis Pumarejo Sagardía imputándole la comisión de un delito de asesinato cometido como sigue: